IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher James Cullins, Jr., #3924 )<br>)<br>Plaintiff,  )<br>)<br>v.   )<br>)<br>SLRDC Director Simon  )<br>Major, Jr.; Assistant Director  )<br>Major Darrell McGhaney,  )<br>and Nurse Prosser,  )<br>)<br>Defendants.  )<br>) | Civil Action No. 8:08-773-RBH-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motions for summary judgment (Dkt. # 16 and 19.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on March 4, 2008, seeking damages for alleged civil rights violations.[1] On June 18, 2008, the defendants Major and McGhaney filed a motion for summary judgment. By order filed June 19, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 19, 2008, the defendant Nurse Prosser filed a separate motion for summary judgment. By order filed June 20, 2008, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment dismissal procedure and the possible consequences if

---

[1] As there is no prison mailroom stamp indicating when it was received, this date reflects the postmark date on the envelope containing the complaint. (Compl. Attach.) *See Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

he failed to adequately respond to the motion. On July 24, 2008, the plaintiff filed a response opposing the defendants' summary judgment motions.

## FACTS

The plaintiff is a state prisoner currently incarcerated in the Sumter/Lee Regional Detention Center ("SLRDC"). The plaintiff alleges he was denied dental treatment.

In his complaint, the plaintiff alleges that on December 26, 2007, he complained of tooth pain to the SLRDC medical staff and requested treatment. (Compl. at 4.) He acknowledges that the request was "very promptly acted upon." (*Id.*) He states Nurse Prosser examined him and recommended dental treatment. (*Id.*) He alleges Nurse Prosser told him what the SLRDC policy was regarding dental treatment. (Compl. at 5.) He states inmates must contact an outside financial source, such as a family member, and ask them to schedule a dental appointment and arrange for payment. Then, the SLRDC is to be notified of the appointment and will arrange transportation. The cost of the transportation is to be paid by the outside source. (*Id.*) The plaintiff alleges he told the SLRDC medical providers that he was indigent and did not have any outside sources who could help him. (Compl. at 6.) He alleges that Nurse Prosser told him that there was nothing she could do for him except offer him a three day prescription for ibuprofen. (*Id.*)

The plaintiff then alleges that on December 26, 2007, he filed a grievance explaining his dental needs and lack of resources and that the defendant Major McGhaney promptly responded. McGhaney told the plaintiff he would be placed on the list to see medical personnel on December 28, 2007, for an examination to determine the plaintiff's dental needs. (Compl at 7.) The plaintiff alleges he was not seen on the 28th but at a later date and the doctor determined that the plaintiff needed immediate dental attention. (*Id.*)

The plaintiff alleges that while awaiting a dentist appointment, he continued to complain of unbearable tooth pain. He was sold a tube of Oragel for $7.00 to be deducted from his canteen account if any deposit was ever made. (Compl. at 8.)

The plaintiff alleges that on January 26, 2008, he still had not been seen by a dentist and so he filed another medical request seeking immediate dental attention. (*Id.*) In response, he alleges he was offered ibuprofen, but no dental assistance or other relief. (*Id.*) He also filed another grievance on January 27, 2008, complaining of dental pain and not being offered any assistance. (*Id.*) The plaintiff alleges that when he filed this action on March 2, 2008, he still had not received any dental care. (Compl. 8-9.) The plaintiff is seeking immediate dental treatment and damages. (Compl. at 9.)

The defendants assert that on January 28th, a dental appointment was scheduled for the plaintiff with Dr. Washington Ray for March 6, 2008. Further, it is undisputed that the plaintiff was seen by Dr. Ray on March 6th and his tooth was extracted. (Pl.'s Mem. Opp. Summ. J. Mots. at 2.)

## **APPLICABLE LAW**

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

In his complaint, the plaintiff alleges the defendants were deliberately indifferent to his dental needs. In his response opposing the defendants' motions for summary judgment, the plaintiff specifically alleges the defendants were indifferent for failing to inform him that a dental appointment for March 6th had been scheduled on January 30th. (Pl.'s Mem. Opp. Summ. J. Mot. at 10.) The defendants all contend they are entitled to summary judgment because the plaintiff has failed to establish they were deliberately indifferent to the plaintiff's dental needs. The undersigned agrees.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

4

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

***Claims of Medical Indifference against Defendant Nurse Prosser***

The defendant Nurse Prosser contends the plaintiff has failed to state a claim of deliberate indifference against her.[2] The undersigned agrees.

The plaintiff's medical records show that on December 14, 1007, the plaintiff filed a sick call request complaining of a very bad tooth and pain for "a week to day" and requesting "some type of dental assistance." (Def. Prosser's Mem. Supp. Summ. J. Mot Ex. A. - Pl.'s Medical Records at 7.) On December 16, 2007, the plaintiff was seen for a toothache by Nurse Prosser and provided with ibuprofen and oragel. (Def. Prosser's Mem. Supp. Summ. J. Mot Ex. A. - Pl.'s Medical Records at 6, 8, and 10; Prosser Aff. ¶ 7; Bush Aff. ¶ 4.) On December 26th, the plaintiff filed a grievance stating that he was in need of

---

[2]The defendant Prosser also states that "It should be noted specifically that Plaintiff did not exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 as amended. This is the fifth defense alleged by the Defendant Prosser." (Def. Prosser's Mem. Supp. Summ. J. Mot. 2 n. 2.) The undersigned agrees that it appears the plaintiff did not exhaust his administrative remedies.

5

dental assistance and did have any outside resources to pay for any treatment. ((Compl. Attach. ) The defendant McGhaney responded on December 27th. He stated that he had spoken with Nurse Prosser and she had told him that the plaintiff was on the list to see Dr. Bush on December 28th and that Dr. Bush would examine the plaintiff's tooth and determine whether the plaintiff needed to have his tooth pulled. (*Id.*) On December 28th, the plaintiff was seen by Dr. Bush who referred the plaintiff for a dental consultation. (*Id.*)

On January 26, 2008, the plaintiff filed a sick call request complaining of dental pain for three to four weeks. (Def. Prosser's Mem. Supp. Summ. J. Mot Ex. A. - Pl.'s Medical Records at 5.) On January 27th, the plaintiff filed another sick call request in which he complained of dental pain in three teeth for about three weeks. (*Id.* at 4.) On January 29th, the medical records show that the plaintiff was again seen by Nurse Prosser for a toothache and given ibuprofen. (Def. Prosser's Mem. Supp. Summ. J. Mot Ex. A. - Pl.'s Medical Records at 8 and 10; Prosser Aff. ¶ 7.) The medical records also reflect that on January 30th, a dental appointment was scheduled for March 6th with Dr. Ray. (*Id.*) It is undisputed that the plaintiff was seen by Dr. Ray on March 6th and the tooth was extracted.

The plaintiff in his response to the defendants' summary judgment motions contends the defendants ignored Dr. Bush's order for a dental consultation made on December 28, 2007, thereby subjecting him to a delay in obtaining dental treatment. (Pl.'s Mem. Opp. Summ. Jud. Mots. At 19.) He also states that the defendants failed to inform him of the pending March 6th dental appointment which he states would have avoided this litigation filed a few days prior to that appointment. (*Id.* at 7 and 10.) In response, the defendants state that oftentimes inmates are not informed in advance of medical and dental appointments for security reasons. (Def. Major and McGhaney's Reply to Pl.'s Mem. Opp. Summ. J. at 1.)

Therefore, at most, there was a delay in treating the plaintiff. The appointment for the dental consultation was made at the end of January rather than when it was first ordered at the end of December resulting in a one month delay. An inmate who complains that

delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir.1994).  As stated above, a medical need is serious if a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. at 1037.  The plaintiff has failed to allege how any such delay in his treatment resulted in a life-long handicap or permanent loss.  In fact, the plaintiff himself states that had he known of the upcoming March 6th appointment, he would not have filed this action on March 4th. Accordingly, defendant Nurse Prosser's summary judgement motion should be granted as the plaintiff has failed to state a claim of medical indifference.

***Claims of Medical Indifference against Defendants Major and McGhaney***

The undersigned recommends the medical indifference claims be dismissed against all the defendants for failure to state a claim as discussed above.  In addition, the plaintiff's claims of medical indifference against the non-medical defendants SLRDC Director Simon Major and Assistant Director Major Darrell McGhaney, should also be dismissed for the following reasons.

The Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990).  Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment.  *Id*.  Under these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the defendants Major and McGhany.

Furthermore, to the extent the plaintiff relies on the doctrine of supervisory liability against the defendants Major and McGhaney, the plaintiff has failed to make any showing of supervisory liability.  It is well-established that a civil rights plaintiff must allege the

7

personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978). A medical indifference claim is not appropriate against a superintendent/supervisor absent an allegation that he was personally connected to the treatment received. *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir.1977).  To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury.  *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir .1994).  Thus, in the context of a medical or dental indifference claim, supervisory liability may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison dentist's performance, or was indifferent to a prison dentist's constitutional violation. *Miltier*, 896 F.2d 848 at 854.

Here, the plaintiff has presented no evidence that the defendants Major or McGhaney had actual knowledge and disregarded a substantial risk of serious injury to the plaintiff resulting from the alleged lack of dental care.  Mere awareness of a complaint is not sufficient to show "knowledge that a subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury," which is the first prong of the supervisory liability standard. *Shaw,* 13 F.3d at 799. *See also Shelly v. Johnson,* 684 F.Supp. 941, 946 (W.D.Mich.1987) (holding that merely bringing problem to attention of supervisory official is not sufficient to impose liability).  The plaintiff has also failed to provide any evidence demonstrating that the response of these defendants was inadequate and/or that their inaction caused any constitutional injury. Thus, these defendants cannot be held liable under a respondeat superior theory under § 1983 for the plaintiff's alleged lack of

dental care. Accordingly, it is recommended that the defendants Major and McGhaney be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 16 and 19) be GRANTED

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 21, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

9